## RELEASE AND SETTLEMENT AGREEMENT

This Release and Settlement Agreement is entered into this 31st day of August, 2012, by and between the parties identified in Section I below.

## PARTIES

The parties to and beneficiaries of this Release and Settlement Agreement (the "Parties") are:

a. GABRIEL ISLAS, SILVERIO HERNANDEZ, and RICARDO GARCIA (hereinafter "Plaintiffs"); and

b. JEFF LINDSEY COMMUNITIES, INC., including its affiliates (including David Lindsey Homes, Inc.), owners, officers, directors, managers, employees, agents, and successors, assigns and/or legal representatives, (collectively hereinafter the "Company").

## RECITALS

- WHEREAS, in *Islas et al. v. Jeff Lindsey Communities, Inc.*, Case 3:11-cv-00202-TCB (N.D. Ga. 2011) (the "Lawsuit"), Plaintiffs alleged that the Company failed to pay them the correct amount of overtime wages and deducted worker's compensation premiums from their pay.

- WHEREAS, the Company denies each and every act of alleged misconduct, denies liability, and denies causing damage of any kind to Plaintiffs.

- WHEREAS, the Parties desire to avoid the uncertainty and expense of further litigation and to resolve the Plaintiffs' claims amicably.

- NOW, THEREFORE, in consideration of the recitals, promises and general covenants contained herein, the Parties agree as follows:

-1-

## SCOPE OF SETTLEMENT

- This Agreement is intended to and does release and settle the claims alleged in Plaintiffs' Lawsuit against the Company.

- Except as noted in this Agreement, the execution of this Agreement between Plaintiffs and the Company releases all claims which were alleged in the Lawsuit or could have been alleged in the Lawsuit and releases and waives any and all other claims of any nature which Plaintiffs have against the Company as of the date of the execution of this Agreement, including any and all claims for damages or attorneys' fees and costs arising from the Lawsuit or any lawsuit.

  - The Parties agree that Gabriel Islas' worker's compensation case (SBWC Claim Number 2011-031918; Date of Injury: June 10, 2011) shall not be released or waived as a result of his execution of this Agreement.

- The Company waives and releases any and all claims of any nature that the Company has against Plaintiffs as of the date of the execution of this Agreement, including any and all claims for attorneys' fees and costs.

## NO ADMISSION OF LIABILITY

Neither this Agreement nor any consideration given hereunder constitutes an admission, nor is it to be construed as an admission of any right, entitlement or fault or liability of any kind on the part of any Settling Party. The Parties agree that each of them denies any and all fault or liability of any type and denies any wrongful conduct with regard to one another.

## PAYMENT AND COMPENSATION TO PLAINTIFFS

- For and in consideration of the promises, recitals, releases, waivers, terms, and conditions set forth in this Release and Settlement Agreement, the Company hereby agrees to

pay Plaintiffs and their attorneys (Mays & Kerr LLC) payments and attorneys' fees in the total amount of $150,000.00, to be structured in the following manner:

- No later than fourteen calendar days after the Court approves the settlement (but in no case earlier than September 9, 2012), the Company shall deliver the following checks totaling $75,000.00 to the office of Plaintiffs' counsel at 229 Peachtree Street, International Tower, Suite 980, Atlanta, Georgia 30303: (1) a check for $18,678.29 payable to Gabriel Islas; (2) a check for $14,875.01 payable to Silverio Hernandez; (3) a check for $8,705.27 payable to Ricardo Garcia; (4) a check for $30,000.00 payable to Mays & Kerr LLC with "legal fees" in the "for" line; and (5) a check for $2,741.43 payable to Mays & Kerr LLC with "litigation costs" in the "for" line.

- No later than 60 calendar days after the first payment is made, the Company shall deliver the following checks totaling $75,000.00 to the office of Plaintiffs' counsel at 229 Peachtree Street, International Tower, Suite 980, Atlanta, Georgia 30303: (1) a check for $18,678.28 payable to Gabriel Islas; (2) a check for $14,875.02 payable to Silverio Hernandez; (3) a check for $8,705.26 payable to Ricardo Garcia; (4) a check for $30,000.00 payable to Mays & Kerr LLC with "legal fees" in the "for" line; and (5) a check for $2,741.43 payable to Mays & Kerr LLC with "litigation costs" in the "for" line. For the Parties' convenience, the following table shows the amounts payable in each installment:

| Payee | First Installment | Second Installment | Total |
|---|---|---|---|
| Gabriel Islas | $18,678.29 | $18,678.28 | $37,356.57 |
| Silverio Hernandez | $14,875.01 | $14,875.02 | $29,750.03 |
| Ricardo Garcia | $8,705.27 | $8,705.26 | $17,410.53 |
| Counsel – fees | $30,000.00 | $30,000.00 | $60,000.00 |
| Counsel – costs | $2,741.43 | $2,741.44 | $5,482.87 |
| Totals | $75,000.00 | $75,000.00 | $150,000.00 |

- The Parties agree that the Lawsuit shall be stayed or administratively closed until the final payment is made pursuant to this agreement. After the final payment is received, then the Parties will file a joint stipulation of dismissal with prejudice.

- Plaintiffs represent, and Company does not dispute, that payments to them include satisfaction of claims for liquidated, compensatory, and punitive damages in connection with Plaintiffs' claims in connection with this matter, and such payments will be made without deductions or withholdings for taxes, FICA, or other payroll deductions or withholdings.

- Plaintiffs expressly agree that the payments to them represent full payment to them and reconcile all claims alleged or which could have been alleged in the Lawsuit, including any claims for attorney's fees and costs.

## CONFIDENTIALITY

- The Parties acknowledge and agree that a signed copy of this Release and Settlement Agreement will be filed as an exhibit to their motion seeking Court approval of the same.

- The Parties acknowledge and agree that neither the motion seeking Court approval nor this Agreement will be filed under seal.

- As such, the Parties acknowledge and agree that the terms of this Release and Settlement Agreement will be a public record.

- The Parties promise that neither they, nor any of their attorneys, successors, assigns, representatives, family members, or agents shall reveal, comment on or publicize in any way any aspect of the Release and Settlement Agreement, including the amount of settlement, to any third party.

- Should a third party attempt to compel disclosure of any aspect of this Release and

-5-

Settlement Agreement, the Party being compelled must provide to the non-compelled Party timely notice of any attempt by a third party to compel disclosure, including the name and address of the party seeking disclosure and the proceeding where disclosure is sought, so that the non-compelled Parties may oppose disclosure.

- The Parties may disclose the amount of settlement to a Cleared Person. A Cleared Person means any Party's attorney, Party's attorney's employees, Party's financial advisors, Party's tax advisors, any Medicare or Medicaid representatives concerning a related lien, and any Judge having jurisdiction over this confidential Settlement Agreement and Release.

## COSTS AND ATTORNEY'S FEES

- Except as provided in paragraph 6 above, the Parties unconditionally and reciprocally release and agree to hold each other harmless from any claims for attorneys' fees, costs, or expenses in any form incurred by the Parties.

## NO LIENS

- Plaintiffs warrant that there are no liens or other encumbrances on the settlement proceeds, including but not limited to any liens involving attorneys' fees except that a portion is being paid as attorneys' fees as noted in paragraph 6 above. Plaintiffs further agree that they are solely and entirely responsible for the payment of any and all federal, state, or local taxes or assessments due upon any and all sums paid in connection with this Release and Settlement Agreement. Plaintiffs expressly warrant and represent to the Company that they will indemnify the Company against, and hold the Company harmless from, the tax consequences if any (including any and all taxes, interest, and/or penalties incurred by the Company) of the Company not withholding taxes on the payments described above.

## WARRANTIES

- Each Plaintiff warrants and represents that he is fully informed and has full knowledge of the terms, conditions, and effects of this Release and Settlement Agreement.

- The Parties warrant and represent, each to the other, that they have either personally or through their attorneys, investigated facts surrounding this Release and Settlement Agreement, that they are fully satisfied with the terms and effects of this Agreement, and that they are legally competent to execute this Agreement. The undersigned attorneys further warrant and represent that they have personally explained the terms and effects of this Agreement to their respective client(s) (including translation of the terms and effects of this Agreement into Spanish, if applicable) and that their respective client(s) fully understand and are satisfied with the terms and effects of this Agreement. The Parties warrant and represent, each to the other, that no promise or inducement has been offered or made except as herein set forth, and that this Release and Settlement Agreement is executed without reliance upon any other statement or representation in connection with this Release and Settlement Agreement.

- If any provision or term of this Release and Settlement Agreement should be declared invalid or unenforceable, such declaration will not affect the validity or enforceability of the remaining terms and conditions hereof.

- The terms of this Release and Settlement Agreement, in its entirety, constitute the complete understanding and agreement of the Parties with respect to all matters within the scope of the Agreement, and no other promise or agreement will be binding.

- This Release and Settlement Agreement may not be amended, modified, superseded, canceled, or terminated, and its terms and conditions may not be waived, except by a written instrument executed by the Parties or, in the case of a waiver, by the party to be charged

-7-

with such waiver. No waiver by any Settling Party of any condition or of the breach of any term, covenant, representation or warranty contained in this Release and Settlement Agreement, in any one or more instances, will be deemed to be or construed as a further or continuing waiver of any such condition or breach in other instances, or as a waiver of any other condition or of any breach of any other terms, covenants, representations or warranties contained in this Agreement.

- Each Plaintiff warrants that he has no intent to seek, and will not apply for, employment at any time in the future with the Company.

- The Parties mutually agree that they will not disparage one another.

- The Parties mutually agree that this Release and Settlement Agreement in no way whatsoever affects, precludes, or abrogates federal and state entitlement benefits (such as disability benefits or unemployment benefits) that Plaintiffs are presently receiving or could receive as a result of their employment with the Company.

- The rights and obligations of the Parties under this Release and Settlement Agreement will inure to the benefit of and shall be binding upon their successors, assigns, employees, agents and/or legal representatives.

## GOVERNING LAW

- The Parties agree that the law of the State of Georgia shall govern disputes concerning any aspect of this Release and Settlement Agreement.


AGREED BY THE PARTIES:

Gabriel Islas
By: _Gabriel Islas Islas_     8/27/12
    Plaintiff                  Date

Silverio Hernandez

By: _SILVERIO HERNANDES_     _08/27/12_
    Plaintiff                                   Date

Ricardo Garcia

By: _Ricardo Garcia_     _08/28/12_
    Plaintiff                            Date


APPROVED BY PLAINTIFFS' ATTORNEY:

_____
Jeff Kerr, Esquire


AGREED ON BEHALF OF THE COMPANY:

By: _____     _8-31-12_
                                                  Date

Its: _President_


APPROVED BY THE COMPANY'S ATTORNEY:

_____
George C. Rosenzweig, Esquire

-8-